UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAMAL J. TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-cv-2280-DDN |
| ) | |
| ST. LOUIS CITY SHERIFF'S OFFICE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Damal J. Turner for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $7.62. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly balance of $38.11. The Court will therefore assess an initial partial filing fee of $7.62, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal

construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pretrial detainee at the St. Louis City Justice Center. He brings this action pursuant to 42 U.S.C. § 1983 against the St. Louis City Sheriff's Office. He alleges as follows.

On June 3, 2017, plaintiff's father died unexpectedly. Plaintiff called his defense attorney, who filed a motion in plaintiff's pending criminal case asking that plaintiff be allowed to leave prison to view his father's body at the funeral home. Plaintiff attaches to the complaint a copy of the docket sheet in his criminal case, which shows that an order entitled "Funeral Transportation Order" was entered on June 13, 2017 by the Honorable Barbara Peebles. Indeed, review of plaintiff's pending criminal case on Missouri Case.net, the State of Missouri's online docketing system, shows that on June 13, 2017, Judge Peebles entered that order, which provided as follows:

> The Sheriffs of the City of St. Louis are ordered, if reasonably practicable, to transport [plaintiff] to the Pilgrim Temple CME Church, located at 1800 Treadley Avenue, East St. Louis, IL, at or before 9:00 am on 6/14/17. [Plaintiff] is to view the body of his father, Duane Turner, pursuant to the rules and regulations of the Sheriff's Department.

*See State v. Turner*, Case No. 1622-CR05186 (22nd Jud. Cir. Dec. 8, 2016).

Plaintiff alleges that his constitutional rights were violated when, on June 14, 2017, defendant did not obey that state court order. Plaintiff alleges that he suffered mental and physical distress, and he seeks monetary damages in the amount of $5,000,000. (Docket No. 1 at 6).

3

## Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Iqbal*, 556 U.S. 662 (a plaintiff must allege facts showing that each defendant, through his or her own actions, violated the Constitution). Section 1983 does not itself confer rights; rather, it creates a right of action for the vindication of rights conferred elsewhere.

Plaintiff has named the City of St. Louis Sheriff's Department as the sole defendant. However, the Sheriff's Office is a municipal department of the City of St. Louis, and is not itself an entity that can be sued under § 1983. Therefore, the complaint is legally frivolous. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (entities such as police departments are "not juridical entities suable as such. They are simply departments or subdivisions of the City government"); *see also De La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983).

Even if plaintiff had named a person or entity subject to suit under § 1983, the complaint would be subject to dismissal because plaintiff has not plead facts showing that any of his federal statutory or constitutional rights were violated. Plaintiff's claims are premised upon his belief that he had a federally-protected right to be taken to the funeral home to view his father's body, and/or for the defendant to follow a state court order. However, neither is the case. Federal courts have repeatedly held that prisoners do not have a federally-protected right to attend

4

funerals.[1] These holdings logically extend from attending funerals to being taken to a funeral home to view a relative's body. While the Court is sympathetic to plaintiff's desire to view his father's body, his claim that defendant did not take him to do so does not state a claim of constitutional dimension. In addition, plaintiff did not have a constitutionally-protected right to have defendant follow Judge Peebles's June 13, 2017 order. *See Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995) ("violations of state laws, state-agency regulations, and more particularly, state-court orders, do not by themselves state a claim under 42 U.S.C. § 1983. Section 1983 guards and vindicates federal rights alone."). Therefore, the Court concludes that plaintiff's allegations fail to state claims that are cognizable under § 1983.

After carefully reading and liberally construing the complaint, the Court concludes that it is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). The Court has determined that this is not a situation in which leave to amend should be given. The complaint was obviously carefully prepared. Plaintiff sets forth his allegations in a thoughtful and comprehensive fashion, and he is clear about the defendant he wishes to sue and the claims he wishes to bring. However, as discussed above, the defendant is not an entity subject to suit under § 1983, and there is no federally-protected right to view a relative's body or to have a defendant follow a state court order of the sort at issue here. Because no new pleading will change that, allowing leave to amend would be futile. The complaint will therefore be dismissed, without prejudice.

Accordingly,

---

[1] *Merritt v. Broglin*, 891 F.2d 169, 174–75 (7th Cir. 1989); *Lamb v. Burke*, 59 F.3d 170 (6th Cir. 1995) (Table Decision) (holding that an inmate had no constitutionally-protected liberty interest in attending his mother's funeral); *Cruz v. Sielaff*, 767 F. Supp. 547, 550 (S.D. N.Y. 1991); *Sorenson v. Minnesota Department of Corrections*, 2012 WL 3150722 (D. Minn. Jun. 20, 2012) (collecting cases); *Walters v. Washington County Jail*, 2007 WL 2710433 (W.D. Ark. Sep. 13, 2007).

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $7.62 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915(e)(2). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this **21st** day of November, 2017.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE